IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL CASTELLANOS HARO,

    *Petitioner*,

v.                                                                            2:26-cv-00175-DHU-LF

KRISTI NOEM, Secretary, U.S. Department of
Homeland security; PAMELA BONDI, U.S.
Attorney General; TODD LYONS, Acting Director
of U.S. Immigration and Customs Enforcement;
MARISA FLORES, El Paso Field Office Director,
Enforcement and Removal Operations; DORA
CASTRO, Warden of Otero County Procesing
Center,

    *Respondents*.

## ORDER GRANTING HABEAS PETITION

This matter comes before the Court on Petitioner Daniel Castellanos Haro's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Petitioner is currently in immigration detention and alleges that he was unlawfully denied an opportunity for release on bond, in violation of the Immigration and Nationality Act ("INA") and his due process rights. *Id.* at ¶¶ 1-6, 45-51. The Petition asks the Court to declare Petitioner's detention unlawful and to grant a writ of habeas corpus ordering Respondents to immediately release Petitioner, or, in the alternative, to order a bond hearing within seven days. *Id.* at 11. Having considered the parties' briefs and the relevant and applicable law, the Court finds that the Petition should be **GRANTED IN PART**.

**I.
BACKGROUND**

Petitioner Daniel Castellanos Haro is a native and citizen of Mexico who has resided in the United States since 2003, when he entered the country without inspection. *Id.* at ¶¶ 12, 36. On

1

November 2, 2025, Petitioner was detained by the Department of Homeland Security ("DHS") and was later transferred to the Otero County Processing Center in Chaparral, New Mexico, where he remains detained. *Id.* at ¶¶ 40-41.

On January 27, 2026, Petitioner filed a Petition for Writ of Habeas Corpus. In the Petition, Mr. Castellanos Haro contends that his mandatory detention under 8 U.S.C. § 1225 is unlawful. *Id.* at ¶ 47. Instead, he argues, he should be entitled to a bond hearing under § 1226(a), *id.* at ¶ 46, and the Government's failure to provide him one violates his due process rights, *id.* at ¶ 51. The Petition asks this Court to:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred during the pendency of his Petition;

(3) Issue an Order to Show Cause ordering Respondents to show cause why the Petition should not be granted;

(4) Issue a Writ of Habeas Corpus requiring that Respondents immediately release Petitioner or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days;

(5) Declare that Petitioner's detention is unlawful; and

(6) Grant any other and further relief that this Court deems just and proper.

*Id.* at 11.

On February 2, 2026, this Court issued an Order to Show Cause, requiring Respondents to respond to the Petition within ten business days of service. The Government timely responded on February 11, 2026. *See* Doc. 6. In the Response, the Government does not dispute the facts alleged by Petitioner. *Id.* Relying on the BIA's decision in *Matter of Yajure Hurtado*, Respondents' position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because he

was present in the United States without being admitted or paroled. *Id.* at 1-2. However, Respondents also acknowledge that this Court reached the opposite conclusion in *Requejo Roman v. Castro*, Case No. 2:25-cv-01076. *Id.* at 2. And the Government concedes that the facts of this case "are not materially distinguishable [from *Requejo Roman*] for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.*

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing he is being unlawfully detained in violation of the INA, its implementing regulations, and his Fifth Amendment due process rights.

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.
## DISCUSSION

This case is not the first of its kind in this Court. In fact, as the Government acknowledges in its Response, the Court has already considered the statutory and constitutional issues raised by Petitioner. *See Requejo Roman v. Castro et al.*, --F.Supp.3d--, 2026 WL 125681 (D.N.M. 2026); *see also Velasquez Salazar v. Dedos et al.*, --F.Supp.3d--, 2025 WL 2676729 (D.N.M. 2025); *Vega Uribe v. Noem*, No. 2:25-cv-01139, 2026 WL 127621 (D.N.M. Jan. 16, 2026); *Mendoza Rivas v.*

*Noem*, No. 2:25-cv-01311 (D.N.M. Feb. 2, 2026); *Garcia Sanchez v. Noem*, No. 2:25-cv-01293 (D.N.M. Feb. 5, 2026). Because the facts here are not materially different than those the Court analyzed in previous cases, *see* Doc. 6 at 2, the Court's conclusion is the same.

Following its decisions in *Requejo Roman* and *Salazar*, as well as the decisions of the vast majority of other federal courts who have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under 8 U.S.C. § 1226 and are entitled to a bond hearing. Mr. Castellanos Haro, who entered the United States without inspection and has resided here for over twenty years, is properly detained pursuant to § 1226 and therefore entitled to a bond hearing. The Government's misclassification of Petitioner under § 1225 and resultant denial of a bond hearing deprived him of his right to due process. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge* favor shifting the burden of proof to the Government in any future bond hearing. For a detailed account of the Court's reasoning relevant to this decision, *see Requejo Roman v. Castro et al.*.

## IV.
## CONCLUSION

For the reasons stated above, and articulated in greater detail in *Requejo Roman v. Castro et al.*, Petitioner's Petition for Writ of Habeas Corpus is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral Immigration Judge ("IJ") within 7 days of entry of this Order. If Petitioner does not receive such a hearing on or before Thursday, March 5, 2026, he shall be immediately released. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention. The assigned IJ is hereby ordered not to deny bond based

4

solely on a lack of jurisdiction under the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Friday, March 6, 2026, confirming whether a bond hearing was held and the result of said hearing.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

5